

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JOHN VENTRE, individually and as representative )
on behalf of a class of similarly situated persons, **F I L E D** )
                                     )
          Plaintiff,     FEB - 7 2005 )
                                 )WH
v.                 MICHAEL W. DOBBINS )    No. 92 C 3289
             CLERK, U.S. DISTRICT COURT )
DATRONIC RENTAL CORPORATION, an Illinois corporation; )    Judge David H. Coar
EDMUND J. LOPINSKI, JR.; )
EDMUND C. LIPINSKI; )
DOUGLAS E. VAN SCOY; )
TIMOTHY C. BULLARD; )
GARY MORGAN; )
COMPUTER RENTAL CORP. OF AMERICA, INC., an Illinois )
corporation; CAPITOL LEASE INVESTMENT CORPORATION, )
an Illinois corporation; NBD TRUST COMPANY OF ILLINOIS, )
a/t/u Trust No. 1237-CH dated October 1, 1991; )
1445 LIMITED PARTNERSHIP, a limited partnership; )
HERBERT F. POSTMA, JR.; )
WESTPORT SHIPYARDS, INC.; )
DATRONIC EQUIPMENT INCOME FUND XVI, L.P.; )
DATRONIC EQUIPMENT INCOME FUND XVII, L.P.; )
DATRONIC EQUIPMENT INCOME FUND XVIII, L.P.; )
DATRONIC EQUIPMENT INCOME FUND XIX, L.P.; )
DATRONIC EQUIPMENT INCOME FUND XX, L.P.; )
DATRONIC FINANCE INCOME FUND I, L.P.; and )
UNKNOWN OTHERS, )
                                     )
          Defendants.           )

---

## MOTION TO CLARIFY ORDER

---

    Salvage Investors, L.L.C., Movant herein, respectfully requests and so moves the Court to

clarify its prior Minute Orders herein and as grounds therefor states:

1. The Court considered Movant's Motion for Court to Exercise Supplemental Jurisdiction pursuant to *28 U.S.C.A., §1367,* and Motion to Substitute Class Representative and Class Counsel on January 10, 2005. By Minute Order, the Court entered an Order on both Motions, continued the matter to January 25, 2005, and gave the Movant seven days to file a Supplemental Motion.

2. On January 25, 2005, the Court considered the Motions again and Movant's Supplement to Motion for Court to Exercise Supplemental Jurisdiction Pursuant to *28 U.S.C.A., §1367.* The Court, by Minute Order, dismissed both Motions for lack of jurisdiction without further explanation.

3. Movant, individually and as representative on behalf of a class of similarly-situated persons, has valid claims against new Defendants who succeeded present Defendants herein for breach of contract and fiduciary duties in failing to maximize returns to the Limited Partners, as more specifically set forth in the Motions and Memoranda previously filed herein.

4. In 2002, Movant brought causes of action in the Colorado District Court similar to those brought in this Court. Both Courts dismissed or otherwise refused to hear such cases in the preliminary stages for non-substantive reasons due to the uncertain status of this case. Movant and the representative class are entitled to have their claims properly presented and heard through to final judgment on the substantive issues by an appropriate Court.

5. In order for Movant to bring similar causes of action before an appropriate Court and avoid summary dismissal again, it is necessary that this Court issue an Order clarifying that it does not have jurisdiction over the subject matter or the parties concerning any claims related to or arising out of the 1993 Settlement Stipulation and Order herein which created Lease Resolution Corporation to serve as a general partner for the Datronic Partnerships, without reservation or exception.

**WHEREFORE,** Movant prays that the Court enter a Clarifying Order which provides the

2

following:

A.   The original case and all claims, pleadings and other actions related thereto are closed.

B.   The Court does not have jurisdiction over any claim or cause of action that any Limited Partner or any other member of a representative class has or might have against any other person or entity arising out of, or in connection with, or in any way relating to his, her or its purchase, sale or ownership of any interest or interests in any Datronic Partnership or against any other person, persons, entity or entities for any claim or cause of action which has been or may be asserted arising out of actions, transactions or conduct pertaining to Lease Resolution Corporation, its officers, directors, agents, servants or employees, the Partnerships or members of the class.

C.   A final dismissal is entered concerning all previous parties.

D.   The Clerk is directed forthwith to enter the Order pursuant to *Rule 54(b)*.

Respectfully submitted, this _7th_ day of _January_, 2005.

BRANT STEVENS & GRAF, LLC

By_____

Carl G. Stevens, #10352
710 Kipling Street, Suite 305
Lakewood, Colorado 80215
(303) 238-3974
(303) 238-3970 facsimile

3

DANIEL T. MOYLE, JR., P.C.

By: _____

Daniel T. Moyle, Jr., #1295
710 Kipling Street, Suite 305
Lakewood, Colorado 80215
(303) 238-3972
(303) 238-3970 facsimile


VURDELJA & HEAPHY, LLC

By: _____

George N. VURDELJA, Jr.
120 N. LaSalle Street, Suite 1150
Chicago, IL 60602
(312) 345-2000


ATTORNEYS FOR PLAINTIFFS

4